# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2021 CA 1383

## LMB SERVICES, LLC

## VERSUS

## IBERVILLE PARISH GOVERNMENT

Judgment Rendered: __JUN 0 3 2022__

* * * * *

APPEALED FROM THE EIGHTEENTH JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF IBERVILLE
STATE OF LOUISIANA
DOCKET NUMBER 80,657

HONORABLE ALVIN BATISTE, JR., JUDGE PRESIDING

* * * * *

John I. Hulse, IV
Amanda D. Hogue
Metairie, Louisiana

Attorneys for Plaintiff-Appellant
Patriot Construction and
Industrial, LLC

Murphy J. Foster, III
Jacob E. Roussel
Baton Rouge, Louisiana

Attorneys for Defendant-Appellee
Rigid Constructors, LLC

A.M. "Tony" Clayton
Iberville Parish District Attorney
Plaquemine, Louisiana

Attorney for Defendant-Appellee
Iberville Parish Government

* * * * *

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**McDONALD, J.**

This is an appeal from a ruling that denied a motion to enforce a stipulation. After review, we affirm.

**FACTS AND PROCEDURAL HISTORY**

This matter arises out of a bid dispute in connection with a public construction project in Iberville Parish referred to as "Intracoastal Road Emergency Roadside Erosion Repair." Rigid Constructors, LLC (Rigid) was the lowest bidder, Patriot Construction and Industrial, LLC (Patriot) was the second lowest bidder, and LMB Services, LLC (LMB) was the third lowest bidder. LMB filed a protest, maintaining that Rigid and Patriot's bids were defective, maintaining that it was the lowest responsive bidder, and asking that it be awarded the contract. Iberville Parish Government (Iberville Parish) rejected that protest. Iberville Parish awarded the contract to Rigid on March 23, 2021. Thereafter, on March 30, 2021, LMB filed suit seeking to enjoin the award of the contract to either Rigid or Patriot, naming Iberville as the sole defendant. LMB also asked that Iberville Parish be directed to award it the contract. Patriot subsequently intervened.

At a hearing on April 13, 2021, the parties in the suit, Iberville Parish, Patriot, and LMB, entered into a stipulation that Patriot would receive the project (instead of Rigid). At the time the stipulation was reached, Rigid, the lowest bidder, was not a party to or involved in the suit.[1] Thereafter, Rigid filed a petition to intervene, maintaining that it was an indispensable party. Rigid then filed exceptions urging that the suit was moot and/or untimely because it was not commenced prior to Iberville Parish awarding Rigid the contract.

On April 28, 2021, LMB and Patriot filed a motion to enforce the stipulation. On May 13, 2021, the trial court, finding that the suit was not commenced timely,

---

[1] Iberville Parish later indicated that it had been erroneously led to believe that Rigid had been notified of the proceedings, but chose not to participate and defend its contract.

2

signed a judgment dismissing all of the claims asserted by LMB and Patriot with prejudice. Patriot and LMB appealed that judgment. On appeal, this court ruled that even as an intervenor, Patriot was entitled to due process notice and service of the proceeding, which produced a final judgment dismissing its claims. Thus, this court vacated the trial court judgment and remanded the matter to the trial court for further proceedings. **LMB Services LLC v. Iberville Parish Government**, 2021-0980 (La. App. 1 Cir. 3/16/22), __ So.3d __, 2022 WL 795448, *3.

On August 26, 2021, the trial court heard the motion to enforce the stipulation, and at the close of the hearing, denied the motion. A judgment denying the motion to enforce the stipulation was signed on September 23, 2021. Patriot appealed that judgment.[2]

The trial court found numerous reasons for denying the motion to enforce the stipulation, including that the proceedings lacked a party required to be joined under La. C.C.P. art. 641 as Rigid was not included.

Louisiana Code of Civil Procedure article 641 provides that a party shall be joined in an action when (1) in his absence complete relief cannot be accorded those already parties; (2) he claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either: (a) as a practical matter, impair or impede his ability to protect that interest, or (b) leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations. In this case, Rigid is a party that was needed for complete adjudication of the matter. Rigid had an interest in the subject matter of the actions, considering that the subject matter was a bid dispute over the contract that had already been awarded by Iberville Parish to Rigid. Further, Rigid's absence

---

[2] The trial court certified that the judgment was final and appealable. While Patriot and LMB filed an order of appeal, only Patriot filed appellate briefs in this matter.

3

from the proceedings would impair or impede Rigid's interest in protecting its contract.

Thus, we find that the trial court was correct in ruling that it could not enforce the stipulation that was entered into without an indispensable party.

## CONCLUSION

For the foregoing reasons, the trial court judgment is affirmed. Costs of the appeal are assessed against Patriot Construction and Industrial, LLC.

**AFFIRMED.**